# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Anthony Murdock,

        Plaintiff,         Case No. 17-11803

v.         Judith E. Levy
        United States District Judge

Trinity Services Group, *et al*,

        Mag. Judge Anthony P. Patti

        Defendants.

_____/

**OPINION AND ORDER DISMISSING DEFENDANT CHRISTINA BILLINGS WITH PREJUDICE**

Plaintiff Anthony Murdock filed the complaint in this matter on June 7, 2017. (ECF No. 1.) Defendant Christina Billings was served on November 9, 2017. (ECF No. 17.) On February 7, 2019, Plaintiff requested a clerk's entry of default as to Defendant Billings because Defendant failed to plead or otherwise defend in accordance with Federal Rule of Civil Procedure 12. (ECF No. 42.) The clerk entered the default on February 8, 2019. (ECF No. 43.) To this date, Plaintiff has not filed a motion for default judgment. *See* Fed. R. Civ. P. 55.

On September 16, 2019, the Court ordered Plaintiff to show cause in writing by September 30, 2019 why this case should not be dismissed for Plaintiff's failure to prosecute as to Defendant Billings, pursuant to Eastern District of Michigan Local Rule 41.2. (ECF No. 47.) Plaintiff did not file any document by September 30, 2019 and, even as of today, has not filed anything in response to the Court's order. Thus, Plaintiff did not comply with the Court's order and has not shown cause why this case should not be dismissed with prejudice as to Defendant Billings for failure to prosecute.

There are four factors that a district court considers in dismissing a case for failure to prosecute.

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. At 363.

Here, Plaintiff's conduct constitutes a clear record of delay supporting dismissal for failure to prosecute. Plaintiff, who has been otherwise active in this case,[1] has been completely silent as to the issue of Defendant Billings' default after requesting the clerk's entry on February 8, 2019. Plaintiff had ample time to move for default judgment, or, following this Court's September 16, 2019 show cause order, to demonstrate why Plaintiff needed more time. Nevertheless, Plaintiff neglected to pursue his case. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing [his] claim, which indicates an intention to let [his] case lapse." *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008). This factor supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

Further, this Court's September 16, 2019 show cause order put Plaintiff "indisputably on notice" that his claim against Defendant Billings depended on Plaintiff's continued activity in the case. *See id.* at

---

[1] *See, e.g.*, ECF No. 36 (Plaintiff's July 31, 2018 Response to Defendants' Motion for Summary Judgment); ECF No. 44 (Parties' September 3, 2019 Stipulated Order of Dismissal as to Other Defendants).

740. Plaintiff had two weeks to respond and failed to do so. This "key" factor therefore weighs heavily in favor of failure to prosecute. *See id*.

An additional factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. However, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available sanctions." *Id.* at 738. In this case, dismissal with prejudice is the first sanction for failing to prosecute, but it is also the appropriate sanction given Plaintiff's ample notice that failure to pursue the claim would result in dismissal.

Finally, there is no evidence that the pendency of this litigation against Defendant Billings prejudices her or the other remaining defendant in this case, Trinity Services Group. Though this factor leans against dismissal, it is outweighed by Plaintiff's marked failure to pursue his own case as to Defendant Billings, even with the Court's encouragement.

Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of

unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks." *Id.*

Accordingly, for the reasons set forth above, the case is dismissed with prejudice as to Defendant Billings for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated: October 8, 2019             s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                         United States District Judge