UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Murdock,

              Plaintiff,      Case No. 17-11803

v.                                  Judith E. Levy
                                  United States District Judge

Trinity Services Group, *et al*,

                                  Mag. Judge Anthony P. Patti

              Defendants.

_____/

**ORDER DENYING PLAINTIFF ANTHONY MURDICK'S *PRO SE* REQUEST TO SET ASIDE STIPULATED DISMISSAL AND SETTLEMENT AGREEMENT [52]**

On June 7, 2017, Plaintiff Anthony Murdock brought this § 1983 action against several individuals and entities affiliated with Trinity Services Group, which is a food service provider to the Michigan Department of Corrections (MDOC). (ECF No. 1.) Plaintiff, a detainee in the custody of MDOC, alleged that he was "the victim of sexual relations and sexual battery with a prison food worker during his incarceration at Central Michigan Correctional Facility." (*Id.* at PageID.2.) On February 20, 2020, the parties notified the Court that they were finalizing

settlement documents, and on March 4, 2020, the parties filed a stipulated order dismissing this case with prejudice. (ECF No. 51.)

On July 6, 2020, Plaintiff mailed a *pro se* letter to the Court[1] requesting that the settlement agreement be set aside. (ECF No. 52.) Plaintiff argued that he "never was comfortable with any settlement agreement that has been forced on [him] by [his] attorney[]s," that he "told my attorney[]s on recorded phone calls that [he] want[s] to go to trial in this manner," and that he "truly believe[s] that [he] ha[s] been misle[]d, and lied to just in order to push this case on." (*Id.* at PageID.282 (emphasis in original).) Plaintiff request that his dismissal and settlement be set aside, that he be appointed a new lawyer, and that he be allowed to go to trial. (*Id.*)

Plaintiff's request will be denied. A voluntary dismissal with prejudice "operates as a final adjudication on the merits." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001); *see also* Fed. R. Civ. P. 41(a)(1)(B). Federal Rule of Civil Procedure 60(b) "gives courts the discretion to set aside a voluntary dismissal with prejudice if the dismissal was not a 'free, calculated, and deliberate'

---

[1] Which was not docketed until September 14, 2020.

choice." *Warfield*, 267 F.3d at 542. Plaintiff may make such a showing by demonstrating that he agreed to the dismissal under "coercive conditions that negated [Plaintiff]'s ability to make a free choice in the matter." *Id.* at 543. Plaintiff bears the burden of demonstrating grounds to set aside the dismissal by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff does not make such a showing here. Plaintiff's letter argues that he was "misled," but does not provide any details to support this allegation—let alone describing conditions that would have negated his ability to make a free choice. Further, while Plaintiff may have been "[un]comfortable" with settlement, and while he may have initially encouraged his attorneys to take this case to trial, he ultimately did agree to a binding settlement and stipulated dismissal with prejudice. Absent evidence that his final decision was not "free, calculated, and deliberate," initial reticence will not set aside a voluntary dismissal. *Warfield*, 267 F.3d at 542.

Finally, even if Plaintiff could make an involuntariness showing sufficient to set aside the stipulated dismissal, the requirements for setting aside a settlement agreement are even steeper—requiring a

3

showing of bad faith on the part of Defendants' attorneys in addition to Plaintiff's—and are not met here. *Cogent Solutions Group, LLC v. Hyalogic, LLC*, 712 F.3d 305, 309 (6th Cir. 2013) (settlement agreements are "contract[s] and [are] governed by reference to state substantive law governing contracts generally"); *Kimball v. Crowley*, No. 320139, 2014 WL 3928807, at *2 (Mich. Ct. App. Aug. 12, 2014) (Michigan law will uphold settlement agreements "absent a showing that the other party participated in the duress or coercion").

For the foregoing reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2020  　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　JUDITH E. LEVY
　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2020.

　　　s/William Barkholz
　　　WILLIAM BARKHOLZ
　　　Case Manager

4